```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     For Online Publication Only
WILMINGTON SAVINGS FUND SOCIETY, FSB,
Not Individually but as Trustee for
Pretium Mortgage Acquisition Trust
d/b/a CHRISTIANA TRUST,
                                                                            **ORDER**
                                             Plaintiff,                     18-CV-2086 (JMA) (AYS)

             -against-

SHAWN NILSEN, and CLERK OF SUFFOLK
COUNTY COURT,

                                             Defendants.
----------------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

Plaintiff Wilmington Savings Fund Society, FSB, as Trustee for Pretium Mortgage Acquisition Trust d/b/a Christiana Trust ("Plaintiff") brought this diversity action against defendants Shawn Nilsen and the Clerk of Suffolk County Court (the "Defendants") seeking to foreclose on a mortgage encumbering the property located at 916 Union Street, Bohemia, New York 11716 (the "Subject Property"). (Compl., ECF No. 1.) Before the Court is Plaintiff's motion for Default Judgment and Judgment of Foreclosure and Sale against the Defendants pursuant to Federal Rule of Civil Procedure 55 and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. (ECF No. 11.) Plaintiff requests that the Court appoint a Referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1321 and Fed. R. Civ. P. 53. Plaintiff also moves for monetary damages and costs and disbursements.

For the reasons stated herein, Plaintiff's motion is GRANTED.

## I. DISCUSSION

### A. <u>Defendants Defaulted</u>

Defendants were properly served in this action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u>

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" <u>Gustavia Home, LLC v. Bent</u>, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing <u>Campaign v. Barba</u>, 805 N.Y.S.2d 86 (2d Dep't 2005)).

Here, Plaintiff appends to the Complaint a Certificate of Merit Pursuant to CPLR 3012-B which includes copies of the mortgage, the mortgage note, the loan modification agreement, and the assignment of that mortgage to Plaintiff. (ECF No. 1-3.) Moreover, attached to the instant motion are the 90-day notices sent to Defendants, and the Notice of Pendency of Action filed in the Suffolk County Clerk's Office in accordance with RPAPL § 1331 and CPLR Article 65. (Pl.'s Mem. Exs. C, F.) This documentary evidence, together with the allegations in the Complaint and Affidavit of Leslie A. Simmons ("Simmons Affidavit"), is sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Thomas J. Stock, Esq., as Referee to effectuate the sale of the Subject Property.

## C. Damages

In addition to foreclosure of the Subject Property, Plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the Principal Balance of $219,938.31 owed by the Defendants on the Note and Mortgage; together with interest at 4.75% per annum, $41.14 in late charges, $837.04 in hazard insurance disbursements, $8,004.31 in tax disbursements, and $200 in property inspections/preservation. (Pl.'s Mem. Ex. H.) The Court finds that Plaintiff's submissions, including the Complaint and the Simmons Affidavit, together with the exhibits annexed thereto, establish damages to a reasonable certainty. Accordingly, Plaintiff is awarded $229,020.80 in damages and $18,518.50 in interest on the Principal Balance calculated at 4.75% per annum from July 1, 2017 through the date of this Order (calculated at a per diem rate of $28.62) for a total damages award of $247,539.30.

## D. Costs

Plaintiff also requests an award of $946.56 in litigation costs, consisting of $400 for the filing fee, $81.56 for paid-for searches, $245 for serving the summons and complaint, and $220 for the clerk's fee for filing the notice of pendency. (Pl.'s Mem. Ex. H.) Under both the Note and

the Mortgage, Plaintiff is entitled to the recovery of attorney's fees and costs in the event of a default. (See Pl.'s Mem. Ex. A.) Accordingly, Plaintiff is entitled to reasonable costs and fees in the amount of $946.56.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a Default Judgment of Foreclosure and Sale against Defendants is granted, and Plaintiff is awarded $229,020.80 in damages and $18,518.50 in interest on the Principal Balance calculated at a per diem rate of $28.62 from July 1, 2017 through the date of this Order. Plaintiff is also awarded $946.56 in litigation costs, for a total award of $248,485.86.

The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: April 9, 2019
       Central Islip, New York

                                                            /s/    (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE